UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NOAH J. HARRIS | CAUSE NO.: 1:21-CR-70-HAB<br>1:24-CV-417-HAB |

**OPINION AND ORDER**

Defendant, Noah Harris ("Harris"), pleaded guilty to possessing and discharging a firearm in furtherance of a drug trafficking crime. (ECF Nos. 120, 124, 126, 130). He was later sentenced to 10-years' imprisonment, the minimum term of imprisonment required by statute. (ECF No. 166). Harris now moves to vacate his conviction under 28 U.S.C. § 2255 based on claims of ineffective assistance of counsel. (ECF No. 187). Yet the record reveals that Harris' counsel was effective and all challenges he raises are meritless. For these reasons, Harris' Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 187) will be DENIED.

### A. Factual and Procedural Background

After receiving information that Harris' co-defendant, Derrial Jones ("Jones"), was engaged in drug trafficking, the FBI obtained authorization to conduct a wire tap on Jones' phones. (ECF No. 147, ¶ 7). The evidence from the wire taps showed that Harris was assisting Jones to conduct his drug trafficking. (*Id.*). Indeed, Harris coordinated and conducted several drug deals with Jones from September to November 2021 based on messages recovered from the phones. (*Id.* ¶¶ 9-29).

On November 9, 2021, officers executed a search warrant at Harris' apartment. (*Id.* ¶ 30). They announced their presence and attempted to breach the front door. (*Id.*). Due to the strength of the door, officers struck the door about four times before it opened. (*Id.*). As the door began to

open, Harris fired two shots from a firearm towards the door. (*Id.*). Officers then fell back until Harris placed his hands in the air from behind a couch and officers were able to take him into custody. (*Id.*). Harris was the apartment's sole occupant. (*Id.*).

During the search of the apartment, officers recovered the gun that Harris fired as well as several other firearms and ammunition. (*Id.* ¶¶ 30-33). In the apartment's kitchen, officers discovered three knotted plastic bags next to a small digital scale. (*Id.* ¶ 34). One of the plastic baggies contained 5.6 grams of cocaine. (*Id.*). Based on Harris' statements and drug trafficking activity over the wiretaps, this amount was consistent with an intent to distribute the controlled substance. (*Id.* ¶ 35). And Harris, in a written statement, admitted that he possessed and discharged the firearm at a drug-involved premises:

> I, Noah Harris, possessed and discharged a firearm, and I had drugs in my apartment. My apartment was a drug involved premises. When I discharged the firearm, there were drugs in the premises at the time that I discharged the firearm. I knew what I was doing was wrong. This all occurred on November 9, 2021. I was in the Northern District of Indiana.

(*Id.* ¶ 41).

After his arrest, Attorney Marcia Linsky ("Attorney Linsky") was appointed to represent Harris. (ECF No. 17). Harris was then charged in a four-count superseding indictment with conspiring to distribute 5 kilograms or more of cocaine and 40 grams or more of fentanyl under 21 U.S.C. § 846 (Count 1); maintaining a drug-involved premises under 21 U.S.C. § 856(a)(1) (Count 2); possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) (Count 3); and discharging a firearm in furtherance of a drug trafficking crime—namely, the crime alleged in Count 2—under 18 U.S.C. § 924(c) (Count 4). (ECF No. 36).

In September 2023, Harris signed a plea agreement in which he pleaded guilty to Count 4 with the government agreeing to dismiss Counts 1, 2, and 3 in exchange. (ECF No. 120). Through

the agreement, Harris waived his right to contest his conviction or sentence through a motion under 28 U.S.C. § 2255 "on any ground other than a claim of ineffective assistance of counsel." (*Id.*).

At the change of plea hearing, Harris was placed under oath and the Court established that he was "able to understand the significance of [the] proceeding and [was] competent." (ECF No. 200 at 5-6). Harris had discussed the "whole case" with Attorney Linsky and was "fully satisfied" with her representation and advice. (*Id.* at 6-7). In accordance with the written agreement, Harris also acknowledged that he was waiving his rights to challenge his conviction other than through a claim of ineffective assistance of counsel. (*Id.* at 11, 17). And Harris understood that Count 4 carried a statutory mandatory minimum sentence of 10-years' imprisonment. (*Id.* at 14-15).

Harris then explained why he was guilty of Count 4. (*Id.* at 20). He stated that on November 9, 2021, he was at his apartment and possessed a firearm "because [he was] distributing or selling drugs from [his] apartment." (*Id.* at 21). And Harris explained that he was asleep on the couch when his door got kicked in. (*Id.*). He responded by discharging his firearm at the doorway. (*Id.* 21-22). The Government then provided a summary of what it believed the evidence would show had the case gone to trial. (*Id.* at 22-37). Once finished, Harris agreed with all substantive aspects and, ultimately, pleaded guilty in open court. (*Id.* at 37).

The Court accepted Harris' guilty plea (ECF No. 130) and, in January 2024, sentenced him to a 10-year term of imprisonment—the statutory mandatory minimum. (ECF No. 166).

**B. Legal Standards**

    **1. Section 2255**

Under Section 2255(a) of Title 28 a federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

3

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [and] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Section 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (citation omitted). Relief sought under Section 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). And a court may deny a Section 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

  **2. Ineffective Assistance of Counsel**

The Sixth Amendment provides criminal defendants with the right to counsel and "inherent in this right is that the defendant is entitled to effective assistance of counsel." *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009). To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that their counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Indeed, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010); *See also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). A court must view "the conduct from the counsel's perspective at the time" absent "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

On the first prong, the court applies a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562

U.S. 86, 104 (2011). An attorney "need not be perfect, indeed not even very good, to be constitutionally adequate." *Dean v. Young*, 777 F.2d 1239, 1245 (7th Cir. 1985). "A strategic decision, even if clearly wrong in retrospect, cannot support a claim that counsel's conduct was deficient." *United States v. Yancey*, 827 F.2d 83, 90 (7th Cir. 1987).

On the second prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Harrington*, 562 U.S. at 104 (internal quotation and citation omitted). The errors must render the proceeding "fundamentally unfair or unreliable." *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013).

A defendant is not entitled to a hearing if his allegations are "vague, conclusory, or palpably incredible rather than detailed and specific." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006).

**C. Discussion**

Harris asserts three reasons why he believes Attorney Linsky was ineffective such that this Court should permit him to withdraw his guilty plea and vacate his conviction. First, he argues that she failed to investigate the validity of his guilty plea. Defendant believes that to sustain a conviction under 18 U.S.C. § 924(c)(1)(A)(iii), he must also have been convicted of the predicate drug trafficking offense—Count 2 here. He thus argues that his plea agreement is invalid because the Government dismissed Count 2 at sentencing.[1] Second, Harris posits that Attorney Linsky was

---

[1] Harris also raises this issue as a basis for vacating his sentence regardless of Attorney Linsky's alleged ineffectiveness. As will be seen, that argument is meritless and, in any event, he waived his right to contest his conviction under § 2255 "on any ground other than a claim of ineffective assistance of counsel." (ECF No. 120). He presents no reason for the Court not to enforce that waiver.

5

ineffective for failing to move to suppress the evidence seized from the search of his home. Lastly, he believes that Attorney Linsky should have moved to dismiss his case based on the Second Amendment and the Supreme Court's holding in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). The Court addresses each argument in turn below.

Starting with Harris' first argument, 18 U.S.C. § 924(c) makes it illegal for a person to discharge a firearm "during and in relation to any crime of violence or drug trafficking crime…for which a person *may* be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A)(iii) (emphasis added). The use of the phrase "may be prosecuted" does not require "'prosecution for or conviction of that other offense' to establish a predicate crime" under § 924(c)(1)(A). *United States v. Morrow*, 5 F.4th 808, 815 (7th Cir. 2021) (quoting *Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016). If the plea colloquy confirms the relevant relationship between the drug crime and Harris' charge under § 924(c), then his conviction remains valid. *See Davila*, 843 F.3d at 731.

With this in mind, Attorney Linsky's advice to plead guilty to Count 4 in exchange for the dismissal of Counts 1, 2, and 3 was proper. The plea colloquy adequately establishes that Harris was maintaining a drug-involved premises as alleged in Count 2—the predicate offense. He admitted that he "distribut[ed] or s[old] drugs from [his] apartment." (ECF No. 200 at 21). Harris agreed with the Government's recitation of the evidence which checked all the boxes for a conviction under 21 U.S.C. § 856(a)(1). (*Id.* at 23-37). Moreover, he admitted that his "apartment was a drug involved premises" in his written statement. (ECF No. 147, ¶ 41). The Government thus adequately established the factual basis for Count 2. And Harris does not claim that he was not guilty of Count 2; he simply suggests that his sentence should be vacated because the Government dismissed that Count. But, as stated above, that practice is proper. Attorney Linsky was not ineffective in this regard.

Harris next argues that Attorney Linsky was ineffective for failing to move to suppress the evidence seized from the search of his home. In this context, the Court considers "whether the decision to forego a motion to suppress was a reasonable trial strategy…under prevailing professional norms." *Johnson v. United States*, 604 F.3d 1016, 1019 (7th Cir. 2010). As for prejudice, the issue is "whether that motion would have been successful—or more properly, whether there is a reasonable probability that, if counsel had pursued the motion, the result of the criminal case would have been different." *Id.* at 1022.

Harris provides no facts suggesting that a reasonable defense attorney would have filed a motion to suppress, nor does he explain how such a motion would have succeeded. "[V]ague [or] conclusory" arguments such as this do not reach *Strickland*'s high bar. *Kafo,* 467 F.3d at 1067. But even if Harris had presented a "detailed and specific" argument as required, the Court sees no reason to believe a motion to suppress would have been successful. Harris did not challenge the facts from Government's plea proffer or the Presentence Investigation Report. And he does not cast doubt on his sworn statements made at the change of plea hearing. Those agreed facts provide ample support for the search of his home and the seizure of the drugs, guns, and ammunition found there. Moreover, officers possessed a warrant for the apartment (ECF No 147, ¶ 30), and Harris does not appear to challenge the warrant's validity. Officers were thus legally permitted to enter the home and search for evidence—evidence which they found. Harris' showing falls short, and Attorney Linsky was not ineffective by failing to pursue a likely frivolous motion.

Lastly, Harris argues that Attorney Linsky should have moved to dismiss his case because he has a constitutional right to possess firearms under the Second Amendment and *Bruen*, 142 S. Ct. 2111 ("The government must…justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."). But the Second Amendment right to

7

defend oneself and one's home does not conflict with § 924(c). *See United States v. Williams,* 113 F.4th 637, 659 (6th Cir. 2024). There is no established historical right to use, let alone discharge a firearm, to engage in drug trafficking. *See id.* Harris admitted that he discharged the firearm to protect his drugs, not just himself. There is no reason to believe a motion to dismiss on this basis would have succeeded and, Attorney Linsky was not ineffective for not pursuing that meritless route.[2]

That said, none of the grounds that Harris asserts for Attorney Linsky's alleged ineffectiveness fall outside "the 'wide range' of reasonable professional assistance." *Harrington,* 562 U.S. at 104. Harris' "vague, conclusory, [and] palpably incredible" assertions do not warrant a hearing, and his motion under § 2255 should thus be dismissed.

### D. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Harris has not made a substantial showing, so the Court declines to enter a certificate of appealability.

---

[2] Harris also appears to make a perfunctory argument that his firearm did not affect interstate commerce. Aside from failing to support that argument with any facts, there is no interstate or foreign commerce requirement for a charge under § 924(c). *See* 18 U.S.C. § 924(c). And, again, he waived any argument under § 2255 other than claims for ineffective assistance of counsel. (ECF No. 120).

### E. Conclusion

For the reasons stated above, the Court DISMISSES Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 187) and DECLINES to issue a certificate of appealability.

SO ORDERED on May 15, 2025.

                                       s/ *Holly A. Brady*
                                      CHIEF JUDGE HOLLY A. BRADY
                                      UNITED STATES DISTRICT COURT